**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| DENNIS SUMLIN, on behalf of himself and all others similarly situated, | : | Case no. 1:25-cv-1406 |
| Plaintiffs, | : | |
| v. | : | |
| Hex NYC, LLC, | : | MOTION FOR ATTORNEY'S FEES |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## INTRODUCTION

COME NOW, Plaintiff, DENNIS SUMLIN, on behalf of himself and all others similarly situated, moves this Honorable Court for an entry of reasonable attorney's fees, including litigation expenses and costs, and in support thereof states as follows:

The statute that allows attorney's fees comes from 42 U.S. Code § 12205, which in its entirety states "In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual."

Courts are encouraged to follow the *Johnson* factors to establish reasonable attorney's fees. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008).

These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

The lodestar, or presumptive reasonable fee is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). A reasonable hourly rate is "the rate prevailing in the [relevant]

community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Farbotko v. Clinton Cty. of N.Y.*, 433 F.3d 204, 208 (2d Cir. 2005).

"Requested fees must be supported with contemporaneous time records establishing for each attorney for whom fees are sought, the date on which work was performed, the hours expended, and the nature of the work done." *Abdell v. City of New York*, No. 05-CV-08453 (RJS), 2015 WL 898974, at *2 (S.D.N.Y. Mar. 2, 2015) (internal quotation marks omitted).

Attached hereto are Exhibit A, Affidavit in Support of Damages and Exhibit B, Statement of Damages.

WHEREFORE, Plaintiff respectfully demands this Honorable Court grant Plaintiff's Motion for Attorney's Fees as laid out in Plaintiff's Statement of Damages.

Dated: Flushing, NY

May 27, 2025

EQUAL ACCESS LAW GROUP PLLC

*Attorney for Plaintiff*

/s/ **Asher Cohen**
By: Asher H. Cohen, Esq.
68-29 Main Street,
Flushing, NY 11367
Tel: +1 (718) 914-9694
Email: acohen@ealg.law

Plaintiff's motion for attorney's fees is GRANTED. The Court agrees that Plaintiff is entitled to reasonable attorney's fees pursuant to 42 U.S.C. § 12205 and that Plaintiff's requested attorney's fees in this action are adequately documented. *See Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012) (explaining that the reasonableness of attorneys' fees must be evaluated by "adequate documentation supporting the attorneys' fees and costs," which "should normally [include] contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done"). That being said, the Court notes for future reference that Plaintiff's statement of damages, *see* ECF No. 18-2, would benefit from additional specificity, including the dates on which work was completed.

The Clerk of Court is directed to terminate ECF No. 18.

SO ORDERED.

June 5, 2025